EVA H. BOWLES, PLAINTIFF, v. WILLIAM ROBERT BOWLES, DEFENDANT.

Atlantic County Court
Law Division

Decided April 16, 1963.

*Mr. Victor D. Tort,* attorney for plaintiff.

*Mr. Frank J. Ferry,* attorney for defendant.

SALSBURG, J. C. C. This motion is by the plaintiff for a summary judgment against the defendant for the amount claimed in the complaint or, in the alternative, to strike the answer and counterclaim. In 1961 plaintiff secured a final judgment of divorce from the defendant in the State of Virginia. The judgment, among other things, required the defendant to pay plaintiff $65 or $55 per week, depending on the time of year, for the maintenance and support of the plaintiff and her child. Plaintiff sues to recover moneys due under said judgment which, at the time of this suit, amounted to $2,600 plus interest. Defendant resists the motion and alleges that this court does not have jurisdiction to entertain the present suit for arrearages.

The question is whether the County Court, Law Division, has jurisdiction to entertain the present suit for arrearages.

■■ I am of the opinion that the Atlantic County Court, Law Division, should not take jurisdiction of this action and that the present action should be transferred to the Superior Court, Chancery Division. If the foreign decree with respect to alimony and support were final and conclusive in the foreign state, then the suit in this court would be proper. *Woodhouse v. Woodhouse,* 15 *N. J.* 550 (1954). However, where the foreign decree is not final and conclusive, the suit should be in the Chancery Division. See *O'Loughlin v. O'Loughlin,* 12 *N. J.* 222 (1953) and *N. J. S.* 2A:34-22.

As was stated in *Slep v. Slep,* 43 *N. J. Super.* 538 (*Ch. Div.* 1957):

> "Plaintiffs properly admit that the enforcement, collection, modification and extinguishment of arrearages of this nature and the court's control of past-due installments of support for children is an equitable remedy within the discretion of the court. * * * This court has always been most zealous in applying equitable principles to all phases of the marital relationship. The Legislature has committed this matter to the jurisdiction of the Superior Court, Chancery Division, to the end that equitable principles should be applied."

■■ I am of the further opinion that the Virginia judgment, insofar as it makes provision for the payment of alimony for the support and maintenance of the wife and child, is not entitled to full faith and credit under the Federal Constitution. *U. S. Const. Art.* IV, *Sec.* 1. New Jersey is only required to give faith and credit to past-due installments of alimony in a foreign decree where, under the law of such foreign state, the past-due installments are absolute, irrevocable and vested. See *Woodhouse v. Woodhouse, supra.* It appears that the Virginia decree reserves to either party or to the court, the right to apply for such further orders and decrees as may be proper and in the best interest of the parties. Further, under the Virginia code it appears that the courts of that state maintain jurisdiction over their orders and have the authority to increase or decrease any award of

alimony or support that may thereafter accrue. It appears that the Virginia law is similar to our own law to the effect that past-due installments of alimony are not vested, but subject to the control of the courts. See *Lea v. Lea,* 18 *N. J.* 1 (1955), and *O'Loughlin v. O'Loughlin,* 12 *N. J.* 222 (1953).

The Virginia judgment, insofar as it affects the past-due installments of alimony, is not final and conclusive, but is subject to the control of the court and the equities of the then existing situation. I do not feel that the County Court, Law Division, is the proper tribunal for the present suit. See *Tellian v. Healy,* 60 *N. J. Super.* 539 (*Law Div.* 1960).

For the foregoing reasons, counsel for the defendant will prepare an appropriate order transferring this case to the Superior Court, Chancery Division.